UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                      No. 14-CR-00731

IVAN COLLADO,

       Defendant.

------------------------------------------------------x

PATRICIA VILLALBA,

       Interested Party.

------------------------------------------------------x

## M<small>EMORANDUM</small> O<small>RDER</small>

Before the Court is a joint motion by Defendant Ivan Collado and Interested Party Patricia Villalba for the return of money seized incident to the execution of a search warrant at the parties' apartment. (Docket Entry No. 131, the "Motion.") The Motion requests the return of $13,524.00 seized from the residence of Mr. Collado and Ms. Villalba or, alternatively, confirmation that a portion of the funds has been applied to satisfy "restitution" in the amount of $11,500.00 and return of the balance of the funds. For the following reasons, the Motion is denied without prejudice insofar as it is brought by Ms. Villalba.

## B<small>ACKGROUND</small>

The pertinent, undisputed facts of this case, which are drawn from the Motion unless otherwise noted, are summarized as follows. During the summer of 2014, federal agents seized $13,524.00 while executing a search warrant at the apartment Defendant Ivan Collado

shared with Patricia Villalba in Briarwood, New York.  (Motion at 2.)  On December 15, 2016, after pleading guilty to violating 18 U.S.C. section 1951 by conspiring to commit a Hobbs Act robbery, Mr. Collado was sentenced principally to 121 months of imprisonment and was ordered to "forfeit to the United States $13,524.00," which "represent[ed] the proceeds of the defendant's criminal activity."  (Judgment, Docket Entry No. 69 at 6.)  The Court's judgment further provided that "[t]he $13,524.00 . . . seized by law enforcement on or about July 21, 2014 shall be credited against the defendant's forfeiture obligation."  (Id.)  Mr. Collado consented to the entry of a Preliminary Order of Forfeiture as to Specific Property/Money Judgment, which became final as to him when the Court entered it on December 15, 2016.  (Id.; Docket Entry No. 68 at 2.)  During the December 15, 2016, sentencing hearing, Mr. Collado's counsel, Edward Sapone, sought reassurance that Ms. Villalba, whom counsel described as Mr. Collado's fiancée, would not be precluded from making a claim to the $13,524.00.  The Government's counsel confirmed this understanding, and undertook to reach out to Ms. Villalba, through Mr. Sapone if necessary.  Mr. Sapone stated that he would "take [Government counsel] up on his offer."  (Sentencing Tr., Docket Entry No. 70 at 12-13.)

On March 1, 2017, with Mr. Sapone's consent, the Court entered a separate Order of Restitution, which required Mr. Collado to "pay restitution in the total amount of $11,500 to the victims of [the Hobbs Act robbery conspiracy]."  (Docket Entry No. 76 at 1.)  This Order of Restitution imposed a financial obligation separate from his forfeiture obligation.  In other words, Mr. Collado is required both to forfeit $13,524.00 and to pay $11,500.00 in restitution; Mr. Collado's total financial obligation is $25,124.00, including the $100.00 special assessment.  The separate nature of the forfeiture and restitution obligations is made clear in the two amended judgments filed following the entry of the Order of Restitution.  Each provides for forfeiture of

$13,524.00, with the seized funds to be applied against that obligation, and for the payment of the $11,500.00 restitution obligation in installments. (Docket Entry Nos. 78, 126.)

During the summer of 2017, after personnel at Mr. Collado's place of confinement apparently began to arrange to debit Mr. Collado's commissary account for payments toward his restitution obligation, Ms. Villalba inquired through Mr. Sapone's office as to the application of the seized money to the "restitution," asking for a receipt for what she believed was a prior credit. (Motion, Ex. A.) On October 25, 2017, a lawyer in Mr. Sapone's office forwarded to Ms. Villalba an October 25, 2017, email from Assistant United States Attorney Andrew Adams, stating that "we're following through on a final order of forfeiture, which will allow us to request restoration if appropriate." (Motion, Ex. A at 10.) Mr. Sapone's office had earlier provided the United States Attorney's Office with Ms. Villalba's name and telephone number. (Id.)

On June 27, 2018, the Government filed a Declaration of Publication, documenting the publication of a notice of the forfeiture on an official government website for at least 30 days, beginning March 30, 2018. The notice accompanying the certificate referred specifically to the seized $13,524.00, explained procedures for making an "ancillary petition" to claim the money, and also included information regarding the ability to file a petition requesting that the Government "remit" or "mitigate" a forfeiture, including a reference to information available at https://www.forfeiture.gov/FilingPetition.htm. (Docket Entry No. 116.)

Ms. Villalba did not file an ancillary proceeding or otherwise object to the Preliminary Order of Forfeiture.

The Government requested, and the Court entered on July 2, 2018, a Final Order of Forfeiture granting the Government title to the $13,524.00. Based on the Government's

representations, the Order recited that notice of the proposed forfeiture had been given to Mr. Sapone on or about January 18, 2017, and thereafter by internet publication, that Mr. Collado was the only person or entity known by the Government to have a potential interest in the seized money, and that no petitions contesting the proposed forfeiture had been filed within the relevant statutory period. (Docket Entry No. 118.)

According to the Court's records, the $13,524.00 has been forfeited to cover Mr. Collado's forfeiture obligation, and Mr. Collado still has outstanding all or part of his separate $11,500.00 restitution obligation, which is to be paid in installments. The restitution obligation is "joint and several" with his co-defendant Harold Mena, so that it will be satisfied when the payments by one or both defendants total $11,500.00.

On August 2, 2019, more than one year after the Government published its Notice of Forfeiture, Mr. Collado and Ms. Villalba moved for the return of personal property pursuant to Rule 41(g). (Docket Entry No. 131.)

### DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Ms. Villalba asserts that the $13,524.00 seized from her apartment is her "lawfully obtained savings," of which she is the rightful owner. Ms. Villalba seeks "the return of her unlawfully seized funds" or, alternatively, "an amended judgment to issue to reflect satisfaction of [Mr. Collado's] restitution and special assessment fee." (Docket Entry No. 131 at 2, 5.)

Although this Motion is brought "jointly," Mr. Collado makes no argument as to why he is entitled to return of the seized property. Because Mr. Collado does not proffer any facts indicating that he has standing to assert Ms. Villalba's alleged property rights, see United

States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993) ("[o]nly those with legitimate possessory interests have standing to challenge forfeitures"), and because Mr. Collado did not appeal from the forfeiture order, Fed. R. Crim. P. 32.2(b)(4)(C), Mr. Collado has no basis upon which to move for return of the seized money. Therefore, the Motion is denied as to Mr. Collado.

The Motion must be also denied as to Ms. Villalba. Rule 41(g) provides that a motion for the return of seized property "must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). The property at issue was seized at Ms. Villalba's apartment in Briarwood, New York, which is located in the Eastern District of New York. 28 U.S.C. § 112(c). Thus, the Rule 41(g) motion cannot be maintained in the Southern District of New York and must be denied for improper venue. See Elfand v. United States, 161 F. App'x 150, 151 (2d Cir. 2006) (transferring forfeiture proceeding to district where property was seized); see also Rogers v. United States, Case No. 10 Civ. 1247 (NRB), 2010 WL 4968184, at *1 (S.D.N.Y. Nov. 30, 2010) (dismissing action for improper venue where property at issue was seized in Colorado).

CONCLUSION

The Motion, insofar as it is brought by Ms. Villalba, is denied. The denial of the Motion is without prejudice to her filing of a petition for remission with the Department of Justice, and/or further proper motion practice in an appropriate federal court. Because a final judgment of forfeiture has already been entered, Ms. Villalba is hereby encouraged to seek legal advice concerning any rights she may have to contest that order. In this regard, Ms. Villalba's attention is directed to the information regarding a legal assistance clinic that may be found on this Court's website at https://nysd.uscourts.gov/attorney/legal-assistance.

The Motion is denied for lack of standing insofar as it is brought by Mr. Collado.

This Memorandum Order resolves docket entry no. 131.

SO ORDERED.

Dated: New York, New York
January 16, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copies Mailed To:**

Mr. Ivan Collado
No. 71344-054
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

Ms. Patricia Villalba
140-72 Burden Cresent, Apartment 2
Briarwood, NY 11435