UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

           -v-                                  No. 14-CR-00731-LTS
                                         No. 17-CV-10087-LTS

IVAN COLLADO,

        Defendant.

-------------------------------------------------------x

### Order re: Attorney-Client Privilege Waiver (Informed Consent)

        WHEREAS Petitioner-Defendant Ivan Collado has moved for relief from his conviction pursuant to 28 U.S.C. section 2255 on the ground of ineffective assistance of counsel; and

        WHEREAS the Court, after reviewing the parties' motion papers (see Docket Entry Nos. 135, 137, 138, 141), has concluded that the testimony of Petitioner's former counsel, Edward Vincent Sapone, Esq. ("Counsel"), will be needed in order to allow the Court to evaluate certain aspects of the motion; and

        WHEREAS by making the motion, Mr. Collado has waived the attorney-client privilege, as to those communications at issue in the motion, as a matter of law; and

        WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client; even in the absence of a privilege, see, e.g., ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim,

IT IS HEREBY ORDERED that Petitioner-Defendant Ivan Collado's appointed counsel for purposes of his section 2255 motion is directed to obtain Mr. Collado's authorization of, and signature on, the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form, and to file that signed form by **December 7, 2020**.  If the document is not received by the Court by December 7, 2020, the court may deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Court to properly consider the motion; and it is further

ORDERED that, promptly upon the filing of Mr. Collado's executed Informed Consent form, the Court will direct Mr. Collado's prior Counsel to address Mr. Collado's allegations of ineffective assistance of counsel by separate order.

SO ORDERED.

Dated: New York, New York
November 6, 2020

    /s/ Laura Taylor Swain
   LAURA TAYLOR SWAIN
   United States District Judge

**Copy Mailed To:**

Mr. Ivan Collado
No. 71344-054
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

          -v-

IVAN COLLADO,

        Defendant.

-------------------------------------------------------x

No. 14-CR-00731-LTS
No. 17-CV-10087-LTS

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Petitioner-Defendant Ivan Collado:

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Edward Vincent Sapone, Esq. (referred to in this form as "your former attorney"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret-you must allow them to be disclosed to the Government and to the Court pursuant to court order. The court will issue an Order ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court. The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the court may deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's order.

Your appointed counsel must file this form, signed by you, by **December 7, 2020**. If the Court does not receive this form, signed by you, within that time, the court may deny your motion.

AUTHORIZATION

I have read the Court's Order dated November 6, 2020, and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Edward Vincent Sapone, to comply with the Court's forthcoming Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Date: _____

Name: _____

Signature: _____

2
**Attorney-Client Privilege Waiver (Informed Consent)**