UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                                             No. 14-CR-00731-LTS

IVAN COLLADO,

        Defendant.

-------------------------------------------------------x

## ORDER

The Court has received Defendant Ivan Collado's undated pro se letter mailed on January 13, 2021 (Docket Entry No. 152), reporting that Mr. Collado has contracted the coronavirus that causes COVID-19, that his facility is not isolating or providing medication to inmates infected with that virus, and that he wishes to seek compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A).

        Section 3582(c)(1)(A) provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-259). Section 3582(c)(1)(A)'s exhaustion requirement reflects Congress's "unambiguous[ ] intent that the BOP have the opportunity and obligation, in the first instance, to decide whether to move for compassionate release and reduced sentences for eligible inmates," in part because "prison administrators are

well-positioned to 'prioritize the most urgent claims' and 'investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist.'" United States v. Chappell, No. 16-CR-512 (LTS), 2020 WL 3415229, at *3 (S.D.N.Y. June 22, 2020) (quoting United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020)).

Mr. Collado has submitted no evidence of having fully exhausted his administrative rights by seeking compassionate release from the warden of his facility prior to seeking it from the Court. Moreover, although he states that he has contracted the coronavirus, he does not claim to be suffering severe illness from COVID-19 (or to have any pre-existing conditions which place him at a higher risk of such severe illness) and, at 43 years old, is not in an age group placing him at comparatively higher risk of severe illness from COVID-19. See United States v. Davis, No. 12-CR-712 (SHS), 2020 WL 4573029, at *1 (S.D.N.Y. Aug. 7, 2020) ("At forty-six years old, Davis does not fall within a high-risk age group for severe COVID-19 illness."). See also United States v. Santiago-Figueroa, No. 18-CR-618 (GBD), 2021 WL 37692, at *2 (S.D.N.Y. Jan. 4, 2021) (denying motion for compassionate release in part because the movant had not demonstrated the application of one of the recognized exceptions to administrative exhaustion requirements: "(1) where exhaustion would be futile, including where undue delay due to exhaustion may result in 'catastrophic health consequences;' (2) where 'the administrative process would be incapable of granting adequate relief;' and (3) where 'pursuing agency review would subject plaintiffs to undue prejudice.'") (citation omitted).

The Court appreciates the significance of any COVID-19 infection in the context of the current pandemic conditions, and wishes Mr. Collado a prompt and full recovery. However, because Mr. Collado has not exhausted his administrative requirements as required under 18 U.S.C. section 3582(c)(1)(A), or submitted evidence supporting the application of an

exception to that section's exhaustion requirement, his letter-application seeking compassionate release pursuant to that section is denied without prejudice to renewal upon a showing of exhaustion by Mr. Collado. An Order on Motion for Sentence Reduction Under 18 U.S.C. section 3582(c)(1)(A) will also be entered. Chambers will mail copies of this Order and the Order on Motion for Sentence Reduction to Mr. Collado.

    SO ORDERED.

Dated: New York, New York
       January 28, 2021

                                          /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         United States District Judge

**Copy mailed to**:

Ivan Collado
Reg. No. 71344-054
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977