UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                No. 14-CR-731-LTS

IVAN COLLADO,

        Defendant.

-------------------------------------------------------x

## Order

The Court has received an undated letter from Defendant Ivan Collado (docket entry no. 177), requesting that the Court "appoint [him] a lawyer so that [he] could appeal the decision that was handed down in relation to [his] compassionate release request," as well as "a disability lawyer so that I can address the issue of me not getting the proper treatment for my mental disorders and learning disabilities." In a Memorandum Order dated June 21, 2021 (docket entry no. 171), the Court denied Mr. Collado's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A), with prejudice to the extent that motion was based on the risk posed to Mr. Collado by the COVID-19 pandemic, but without prejudice to the extent that motion was based on "not receiving the proper treatment and help with [his] mental disorders and learning disabilities," issues as to which Mr. Collado had not exhausted his administrative remedies.

"[A] defendant has no right to the assistance of counsel in filing a motion for compassionate release [under section 3582(c)] or appealing from the denial of such a motion." United States v. Fleming, No. 20-1776-CR, 2021 WL 2944239, at *3 (2d Cir. July 14, 2021). However, the court may appoint such counsel for an indigent party in the Court's discretion, which should be exercised bearing in mind, among other things, the "merits of the indigent's

claim," "the nature of the factual issues the claim presents," as well as the party's "apparent ability to present the case." Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see also, e.g., United States v. Pina, No. 01-CR-619 (VM), 2021 WL 364192, at *1 (S.D.N.Y. Feb. 3, 2021) (applying Hodge to a request for appointment of counsel made in connection with a motion for compassionate release). In some circumstances, the first factor may be dispositive; "the district judge should first determine whether the indigent's position seems likely to be of substance," and "[i]f the claim meets this threshold requirement, the court should then consider" the other Hodge factors. Hodge, 802 F.2d at 61.

Applying this standard, the Court grants in part and denies in part Mr. Collado's request for the appointment of counsel. Mr. Collado's request for the appointment of counsel in connection with his appeal of the Court's June 21, 2021, Memorandum Order denying his motion for compassionate release is denied. Especially in light of the "broad discretion" afforded the Second Circuit to a district court's resolution of such motions, see United States v. Jaramillo, No. 20-3240, 2021 WL 2224370, at *1 (2d Cir. June 2, 2021) (summary order), Mr. Collado's request for the appointment of counsel in connection with his appeal of that decision does not satisfy the "threshold" substantial merits requirement set forth in Hodge.

The Court construes Mr. Collado's other request, for "a disability lawyer so that I can address the issue of me not getting the proper treatment for my mental disorders and learning disabilities," as a request for the appointment of counsel pursuant to the Criminal Justice Act in connection with Mr. Collado's efforts to present those issues to the warden of his facility in the context of a request that the Warden apply to the Court for compassionate release of Mr. Collado, and, in the event that presentation does not ameliorate those issues, in connection with a second motion for compassionate release based on those issues. So construed, the request is

granted. While the merits of such a potential motion are uncertain, they are not frivolous, and the other factors set forth in Hodge weigh in favor of the appointment of counsel, especially in light of Mr. Collado's documented mental health issues and learning disabilities. To the extent, however, that Mr. Collado may be seeking the appointment of a lawyer to assist him with civil proceedings or other administrative applications relating to his mental health and learning disabilities, the request is denied.

Chambers will mail a copy of this Order to Mr. Collado.

SO ORDERED.

Dated: New York, New York
July 16, 2021

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy to be mailed to**:

Ivan Collado
Reg. No. 71344-054
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977